UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KING SPIDER LLC.,                                                        :
:
                    Plaintiff,                                  :        24-CV-02606 (JAV)
:
       -v-                                                              :     ORDER AND PERMANENT
:           INJUNCTION
1692 THEY MISSED ONE SWEATSHIRT, et al.,                                 :
:
             Defendants.                                 :
:
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      For the reasons set forth in the oral opinion delivered at the hearing held on May 26, 2026, Plaintiff's Motion for Default Judgment is **GRANTED** as to each of the following Defendants: 1692 They Missed One Sweatshirt, Batufary, GaoYuanZhi, Guangzhouyizushangmaoyouxiangongsi, Happynaran, Lenernyg, Wolf clothing store, and ZSIIBO Direct (collectively, "Defaulting Defendants").

      It is ORDERED, ADJUDGED, AND DECREED that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in active concert or participation with the Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from:

    (1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in counterfeit products or any other products bearing the trademarks of United States Trademark Registration Numbers 6,512,199; 6,681,320; 6,688,472; 7,031,211; 7,049,772; 7,151,224; 7,166,293; and 7,270,084 (collectively, "Sp5der Marks") and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Sp5der Marks;

(2) operating and/or hosting websites or merchant storefronts involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sp5der Marks and/or any reproductions, counterfeit copies, or colorable imitations thereof that is not authorized by Plaintiff to be sold in connection with Plaintiff's Sp5der Marks;

(3) directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

(4) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks to identify any goods or services not authorized by Plaintiff;

(5) using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products;

(6) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defaulting Defendants and Defaulting Defendants' commercial activities with Plaintiff;

(7) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of, and/or dealing with: (i) counterfeit products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their user accounts, merchant storefronts or Defaulting Defendants' assets, and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of counterfeit products; and

(8) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, user account, merchant storefront, or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale, and/or sale of counterfeit products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

It is FURTHER ORDERED that the 30-day automatic stay on enforcing Plaintiff's judgments, pursuant to Federal Rule of Civil Procedure 62(a), is hereby dissolved.

It is FURTHER ORDERED that Plaintiff is granted leave to serve restraining notices on Defaulting Defendants pursuant to N.Y. C.P.L.R. § 5222.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against the Defaulting Defendants on Counts I and II of the Complaint.  The judgment shall award Plaintiff statutory damages under the Lanham Act, 15 U.S.C. § 1117(c), in the amount of $75,000 against each of the Defaulting Defendants.  Plaintiff is also awarded post-judgment interest as provided in 28 U.S.C. § 1961(a).  The Clerk of Court is directed to terminate ECF No. 75 and to close this case.

SO ORDERED.

Dated: May 26, 2026
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3